# IN THE COURT OF APPEALS OF IOWA

No. 20-0074
Filed February 17, 2021

**DANIEL WAYNE OCKENFELS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

Daniel Ockenfels appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

Daniel Ockenfels appeals the district court's denial of his postconviction-relief application following his 2016 convictions for third-degree burglary and forgery. He argues his plea attorneys were ineffective in failing to inform him (A) of legal defenses to the burglary charge and (B) the knowledge element of forgery.

**I.    *Background Facts and Proceedings***

Ockenfels entered a home without permission from the owners. He stole a shirt from the home. Ockenfels pled guilty to third-degree burglary as a habitual offender, in violation of Iowa Code sections 713.1 and 713.6A(1) (2016).[1] The district court imposed concurrent prison terms not exceeding fifteen years but suspended the terms and placed Ockenfels on probation subject to certain conditions.

In a separate proceeding arising from the discovery of counterfeit money in Ockenfels' wallet, Ockenfels entered an *Alford* plea[2] to forgery as a habitual offender, in violation of Iowa Code sections 715A.2(2)(a)(1), 902.8, and 902.9(1)(c). The district court sentenced him to a prison term not exceeding fifteen years, with a mandatory minimum sentence of three years to be imposed if his probation was revoked. The sentence was suspended, and he was placed on probation, subject to certain conditions.

---

[1] Ockenfels also pled guilty to possession of a controlled substance third offense as a habitual offender, in violation of Iowa Code section 124.401(5). He does not challenge the possession conviction on appeal.

[2] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Ockenfels later stipulated to violating the terms of probation. The district court revoked his probation and ordered him incarcerated for prison terms not exceeding fifteen years on the burglary and forgery convictions, subject to the mandatory three-year minimum on the forgery count, to be served concurrently.

Ockenfels filed a postconviction-relief application asserting "crimes were charged that did not even happen." During an evidentiary hearing, Ockenfels' attorney framed the issues as follows: (1) with respect to the burglary charge, plea "counsel was ineffective when clearly Mr. Ockenfels provided the facts of a compulsion defense and nobody ever did anything" and (2) "if the [c]ourt were to find that [plea counsel] did not advise [Ockenfels] properly [in the forgery case], then that would certainly form the basis of an ineffective-assistance-of-counsel claim." Postconviction counsel did not characterize his challenge to the burglary conviction as a freestanding claim of actual innocence, and he acknowledged a claim of actual innocence on the forgery count would be difficult to prove in light of Ockenfels' *Alford* plea. *See Schmidt v. State*, 909 N.W.2d 778, 793–94 (Iowa 2018) (recognizing freestanding claims of actual innocence). Following an evidentiary hearing, the district court denied the application, including any claims of actual innocence.

## II. *Analysis*

On appeal, Ockenfels does not pursue the denial of his actual-innocence claims. He challenges both convictions under an ineffective-assistance-of-counsel rubric. To succeed, Ockenfels must show counsel engaged in deficient performance and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court underscored the absence of prejudice, citing the

significant sentencing concessions Ockenfels received by virtue of the pleas. We elect to focus on the breach prong of the *Strickland* test.

### A.    Burglary Conviction

Ockenfels argues he "received ineffective assistance of [plea] counsel . . . based on counsel's failure to inform him . . . about the sudden emergency defense or the compulsion defense" to the burglary charge, rendering his "guilty plea . . . not knowing and voluntary." He does not elaborate on the "sudden emergency defense." Accordingly, we deem that matter waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Turning to the compulsion defense, Iowa Code section 704.10 states:

> No act, other than an act by which one intentionally or recklessly causes physical injury to another, is a public offense if the person so acting is compelled to do so by another's threat or menace of serious injury, provided that the person reasonably believes that such injury is imminent and can be averted only by the person doing such act.

*See State v. El-Amin*, 952 N.W.2d 134, 140 n.3 (Iowa 2020) (setting forth defense). To establish a prima facie case of compulsion, a defendant must prove four elements:

> (1) defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
> (2) that defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act;
> (3) that the defendant had no reasonable, legal alternative to violating the law; and
> (4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

*State v. Walker*, 671 N.W.2d 30, 35 (Iowa Ct. App. 2003) (citation omitted).

Our de novo review of the record reveals the following pertinent facts. Ockenfels testified bails bondsmen were looking for him because he "missed a court date." When "they rolled up into [his] driveway," he "took off" because he believed "there was a better way to go to jail than beat up" and he was "just looking for a hole to dive into." He entered a neighboring home that was under construction, took and put on a shirt that did not belong to him, and ran out of a side door.

Ockenfels testified he informed his plea attorney and the plea-taking court of these facts and he pled guilty to the burglary charge because he believed his actions were illegal. He later learned that the compulsion defense rendered it "legal to enter a structure . . . if you're in fear of your safety." He testified his attorney failed to apprise him of the defense.

Ockenfels' plea attorney did not testify at the postconviction hearing. Accordingly, we accept Ockenfels' undisputed testimony concerning counsel's nondisclosure of the defense as well as his description of the facts he conveyed to counsel. Even with those facts, Ockenfels failed to establish the third element of the compulsion defense—whether he "had no reasonable, legal alternative to violating the law." Specifically, he did not explain why "the hole" he felt he needed to "dive into" had to be an occupied structure that he admittedly lacked the owner's permission to enter and from which he stole a shirt. Having failed to establish the third element, the compulsion defense was unavailable to him and Ockenfels' attorney did not breach an essential duty in failing to inform him of the defense. *See Frye v. State*, No. 19-0433, 2020 WL 6480880, at *1 (Iowa Ct. App. Nov. 4,

2020) (concluding counsel "did not breach a duty by in advising . . . that the defense of compulsion was unavailable"). We affirm the district court's denial of this ineffective-assistance-of-counsel claim.

### B. Forgery Conviction

Under Iowa Code section 715A.2(1),

1. A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone, the person does any of the following:
    a. Alters a writing of another without the other's permission.
    b. Makes, completes, executes, authenticates, issues, or transfers a writing so that it purports to be the act of another who did not authorize that act, or so that it purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or so that it purports to be a copy of an original when no such original existed.
    c. Utters a writing which the person knows to be forged in a manner specified in paragraph "a" or "b".
    d. Possesses a writing which the person knows to be forged in a manner specified in paragraph "a" or "b".

Ockenfels argues he "received ineffective assistance of counsel . . . as counsel failed to inform [him] that knowledge is required to commit the crime of forgery."

The district court found otherwise. The court stated:

> In preparation for the plea hearing, [Ockenfels' plea attorney in the forgery case] credibl[y] testified that he not only provided [Ockenfels] with a written copy of the law on forgery, but additionally, he also specifically informed [Ockenfels] of the knowledge requirement. The court finds [the attorney's] testimony to be the more credible on this point. In fact, during the plea colloquy, [Ockenfels] heaped praise on [his attorney] including stating "I hope to make the court aware that [he] is a man I find a glowing credit to his profession." He additionally described [the attorney] as "he listens well, so he counsels well, and I believe he deserves rewarded well."
> In addition, during the plea colloquy, the court clearly and unequivocally advised [Ockenfels] of what needed to be established by the State in order to prove him guilty, including the knowledge

requirement. [Ockenfels] has failed to meet his burden of proof on this claim.

On our de novo review, we agree with the district court's findings.

At the postconviction hearing, Ockenfels' lawyer was asked if, in preparation for felony plea hearings, he advised "clients of what the State would have to prove." He responded, "I do." He stated he normally "print[ed] out . . . the relevant code section" and followed up with "a face-to-face" visit to ensure "they ha[d] an understanding of it." He testified to following that procedure in Ockenfels' case and said he specifically explained the knowledge requirement and whether Ockenfels knew "or should have known . . . that [the bills found in his wallet] were not legitimate bills."

At the plea hearing, the court asked the prosecutor to outline the elements of forgery. The prosecutor responded,

> Your Honor, the forgery in this matter is based on the defendant's possession of a number of counterfeit federal reserve notes. So the forgery would be that on or about August 13, 2016, the State would have to prove beyond a reasonable doubt that the defendant knowingly possessed forged counterfeit reserve notes knowing that they were forged and that he did so with the intent to facilitate a fraud or to commit a fraud.

The court asked Ockenfels' attorney if he agreed with the prosecutor's summary. Counsel responded that he did. The court next asked Ockenfels if he understood the nature of the offense and the penalties. Ockenfels responded, "I believe I do, Your Honor."

We conclude counsel informed Ockenfels of the knowledge element of forgery and, accordingly, did not breach an essential duty in advising Ockenfels

about the elements of the crime. We affirm the district court's denial of this ineffective-assistance claim.

We affirm the denial of Ockenfels' postconviction-relief application.

**AFFIRMED.**